IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY A. SLAVINSKY  :
:
:
v. : Civil No. CCB-08-890
:
:
COLUMBIA ASSOCIATION, INC. :
:
:

**MEMORANDUM**

Now pending before the court is the plaintiff's motion for reconsideration of this court's March 30, 2011, order denying the plaintiff's motion for conditional class certification. For the following reasons, the plaintiff's motion will be denied.

**ANALYSIS**

Federal Rule of Civil Procedure 59(e) permits a district court to alter, amend, or vacate a prior judgment. Rule 59(e) permits a court to amend a judgment in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial [or summary judgment]; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). Courts are reluctant to grant such a motion, because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2801.1, at 124 (2d ed. 1995)). Although "there are 'circumstances when a motion to reconsider may perform a valuable function,' . . . it [is] improper to use such a motion to 'ask the

1

Court to rethink what the Court ha[s] already thought through—rightly or wrongly.'" *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (quoting *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

In its March 30, 2011 Memorandum and Order, this court denied the plaintiff's motion for conditional class certification because she failed to make a sufficient factual showing that any other Columbia Association, Inc. ("Association") employees were similarly situated to her. *See Slavinski v. Columbia Ass'n, Inc.*, No. 08-890, 2011 WL 1230447 (D. Md. Mar. 30, 2011). The plaintiff argues that the court's denial of her motion should be altered for three reasons: (1) in recent cases, courts have granted conditional certification based on a single affidavit from a plaintiff; (2) the court misapplied the law at the certification stage; and (3) the plaintiff chose not to interview or depose witnesses during court-ordered discovery out of a fear of being charged with "barratry" or "champitry." As an initial matter, the plaintiff does not cite an intervening change in controlling law that might warrant reconsideration of this court's ruling. The cases in which courts have granted conditional certification based on the "lone" affidavit of the named plaintiff that the plaintiff relies upon in her motion for reconsideration are neither new, nor controlling. The most recent case referenced in the plaintiff's motion was decided on June 1, 2010, one month before the plaintiff filed her motion for conditional certification, and nine months before the court denied the motion. *See Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 381 (E.D.N.Y. 2010). Moreover, in that case, the court relied on affidavits from four individuals, the original plaintiff in the class and three opt-in plaintiffs, in granting conditional certification. *Id.* The remaining cases offered by the plaintiff were decided as far back as 2003, and are unreported cases from district courts outside of the Fourth Circuit. Furthermore, even if the cases

cited by Ms. Slavinksi were persuasive, this court did not deny her motion for conditional certification solely because she relied on her own affidavits. The court expressly stated that "[e]ven if Ms. Slavinski's affidavits alone were sufficient to provide a factual showing to support her claims, they continue to leave several important matters unclear—most significantly, whether any other Association employees are similarly situated to her." *Slavinski*, No. 08-890, 2011 WL 1230447, at *5 (D. Md. Mar. 30, 2011).

The court also did not misapply the law or the burden of proof in denying Ms. Slavinski's motion for conditional certification. Ms. Slavinski argues that, at the conditional certification stage, "the Court should look only at the Plaintiff's affidavit to determine whether, based upon this Affidavit, the Plaintiff has shown the likelihood of a company policy which would be illegal." (Pl.'s Mot. for Recons. at 9.) This is an incorrect statement of the law. Courts in this district have repeatedly held that the first issue in determining whether to certify a conditional class is whether a plaintiff has made "a preliminary factual showing that a similarly situated group of potential plaintiffs exists.'" *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000) (quoting *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995)). After examining Ms. Slavinski's two affidavits, this court concluded that she had failed to carry even this modest burden. *See Slavinski*, No. 08-890, 2011 WL 1230447, at *5. Moreover, the plaintiff's assertion that merely alleging an employer potentially misclassified employees is sufficient to warrant conditional certification is an incorrect statement of the law.[1] Courts in this

---

[1] In making this argument, the plaintiff appears to misconstrue a prior holding of this court in *Montoya v. S.C.C.P. Painting Contractors, Inc.*, No. 07-455, 2008 WL 554114 (D. Md. Feb. 26, 2008). The plaintiff quotes *Montoya* for the proposition that "'merely arguing' that there exists a 'potential misclassification of the plaintiffs, in violation of the FLSA's mandate . . . could be enough for class certification.'" (Pl.'s Mot. for Recons. at 8. (citing *Montoya*, No. 07-455, 2008 WL 554114, at *3).) In *Montoya*, however, the employer admitted that it was the company's policy not to pay overtime to employees who worked more than 40 hours per week, and argued that its policy was justified because the employees were independent contractors not protected under the FLSA. *See Montoya*, No. 07-455, 2008 WL 554114, at *3. Moreover, the full quote from the opinion reads: "Even if [the employer] is merely arguing that

district have consistently emphasized that "mere allegations" are not sufficient to make a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *See, e.g.*, *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771-772 (D. Md. 2008) (citations omitted).

Finally, the argument asserted by plaintiff's counsel that he chose not to interview potential witnesses or depose any employees who might have supported Ms. Slavinski's allegations out of fear of being charged with "barratry" or "champitry" is, at the very least, untimely. This is the first time counsel has raised his alleged ethical concerns about engaging in discovery that was ordered by the court over two years ago. If plaintiff's counsel had serious ethical concerns about deposing other Association employees, he could have raised them to the court when discovery was initially ordered. The court will not consider the issue now, as a last-ditch effort to explain why plaintiff's counsel was unable to satisfy the minimal burden of proof necessary to warrant conditional class certification. The plaintiff's motion for reconsideration will be denied. A separate Order follows.

May 27, 2011                                         /s/
Date                                                 Catherine C. Blake
                                                     United States District Judge

---

the plaintiffs were independent contractors and not employees, the potential for misclassification of the plaintiffs, in violation of FLSA's mandate that 'employee' be interpreted broadly, could be enough for class certification." *Id.* at *3.

4